IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

WILLIE TAMAKLOE,  :
        Plaintiff,  :
        v.  : Case No. 3:06-cv-226-KRG-KAP
DANIEL LEONARD, M.D., Medical  :
Director, F.C.I. Loretto,  :
        Defendant  :

Report and Recommendation

Recommendation

Plaintiff, an inmate at F.C.I. Loretto, filed a complaint alleging his constitutional rights are being violated by the defendant, the medical director. Screening the complaint as directed by 28 U.S.C.§ 1915A, I recommend that the motion to proceed in forma pauperis be denied and the complaint be dismissed before service because it is malicious, see 28 U.S.C.§ 1915(e)(2)(B).

Report

In entertaining in forma pauperis actions, the court is not required to heed fanciful, fantastic, and delusional allegations of fact. Caesar v. Megamillion Biggame Lottery, 193 Fed.Appx. 119, 120-21 (3d Cir.2006) (affirming judgment dismissing complaint alleging conspiracy to steal winning lottery tickets), cert. denied, 127 S.Ct. 1150 (2007), citing Denton v. Hernandez, 504 U.S. 25 (1992). Plaintiff, a long time federal prisoner, see Tamakloe v. Yost, Case No. 3:06-226-KRG-KAP, alleges he arrived at F.C.I. Loretto in February 2004. Plaintiff then alleges that from June to December 2004, Dr. Leonard sexually harassed him. In

support, plaintiff attaches medical department informed consent forms reflecting, not sexual harassment or allegations of sexual harassment, but rather plaintiff's refusal to sign acknowledgments that he had been given medical advice. Plaintiff does not allege any other steps to bring this alleged harassment to anyone's attention. Next, plaintiff alleges that Dr. Leonard indecently assaulted him during an examination on February 7, 2005. Plaintiff did not take any steps to bring this alleged harassment to anyone's attention until July 2006. On July 6, 2006, plaintiff wrote to Dr. Leonard that Dr. Leonard needed to see plaintiff more often because of plaintiff's serious medical needs, and that plaintiff wanted to be transferred. After receiving Dr. Leonard's July 7, 2006 reply, which did not mention a transfer, noted that plaintiff had refused evaluations at F.C.I. Loretto, and informed plaintiff that he was scheduled for another evaluation at the chronic care clinic, plaintiff gave an affidavit before Lieutenant Fedorka on July 27, 2006, accusing Leonard of indecent assault on February 5, 2005. Plaintiff did not in this affidavit mention sexual harassment during 2004. Plaintiff sent Dr. Leonard another request for transfer on August 28, 2006, and was advised on September 12, 2006, that he was scheduled for evaluation on September 20, 2006. Apparently that evaluation resulted in a recommendation for surgery but not a recommendation for transfer, because shortly thereafter on October 16, 2006, plaintiff submitted his complaint alleging

2

that Dr. Leonard is "insisting on undertaking these two major spinal surgeries locally without physical therapy." Plaintiff also submitted a motion for injunctive relief seeking an order to the Bureau of Prisons to transfer plaintiff to a different institution for medical treatment.

Although the individual allegations are not impossible, one would have to be wilfully ignorant to miss the reason behind plaintiff's efforts. Plaintiff clearly does not assert a claim of deliberate indifference to his serious medical needs under Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Carlson v. Green, 446 U.S. 14, 17-18 (1980): he alleges that he is being seen regularly for his spinal condition and has been evaluated as eligible for surgery. It is just as clear that plaintiff does not want to have that surgery done by doctors in this area. Therefore, shortly after complaining that Dr. Leonard was not seeing him often enough and after receiving a denial of his request for transfer, plaintiff accused Dr. Leonard of sexual assault. The assault allegedly took place a year and a half earlier but until then had not been worthy of mention. A lawsuit brought for a purpose other than the fair adjudication of the claims therein is a malicious lawsuit. See e.g. Sypniewski v. Warren Hill Regional Board of Education, 307 F.3d 243, 275 (3d Cir.2002)("malicious" prosecution includes prosecution for an extraneous improper purpose) Andrews v. King, 398 F.3d 1113, 1121 (9th Cir.2005)(malicious complaint is one filed

3

with intent to harm). Plaintiff's claim of a sexual assault is clearly designed to achieve what the Carlson v. Green claim could not. The motion to proceed in forma pauperis should be denied and the complaint dismissed.

Pursuant to 28 U.S.C. § 636(b)(1), the parties are given notice that they have ten days to serve and file written objections to this Report and Recommendation.

DATE: 26 March 2007

Keith A. Pesto,
United States Magistrate Judge

Notice by U.S. Mail to:

    Willie Tamakloe #13915-050
    F.C.I. Loretto
    P.O. Box 1000
    Loretto, PA 15940